

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

*Patrice Harris Sullivan*
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3115*
*Patrice.sullivan@usdoj.gov*

September 16, 2015

Honorable Susie Morgan
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Chambers C322
New Orleans, Louisiana 70130

      Re:    *United States v. PCAH, INC. a/k/a Priority Care at Home, Inc. (PCAH) d/b/a Abide Home Care Services, Inc.*
             Criminal Docket No. 15-61

Dear Judge Morgan:

      1.    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and FED. R. CRIM. P. 11, the Government wishes to acknowledge the following agreement between the Government and PCAH, INC. a/k/a Priority Care at Home, Inc. (PCAH) d/b/a Abide Home Care Services, Inc. (hereafter "ABIDE"), the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Herb Larson, Jr. and Sara A. Johnson, have reviewed the terms of this agreement and have been informed by the defendant's corporate representative Lisa Crinel that the defendant fully understands the terms of this agreement. The defendant by resolution hereto has authorized Lisa Crinel to enter into this plea agreement.

      2.    The defendant, ABIDE, has agreed to plead guilty to Count 1 of the Indictment charging it with conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349. The Government has agreed that should the Court accept the defendant's plea of guilty, the Government will request that the Court dismiss all remaining counts of the Indictment now pending against the defendant at the time defendant is sentenced, unless the defendant withdraws its decision to plead guilty or violates the terms of this plea agreement. The defendant understands that the Court is not bound to dismiss any count. If the defendant withdraws its decision to plead guilty, the Government will introduce the attached Factual Basis, as well as this Plea Agreement, in the Government's case-in-chief during any subsequent judicial proceeding.



Initials:
PH
SJ
HL
LC o/b/o Abide

Judge Susie Morgan
September 16, 2015
Page 2

3. The defendant further understands that the maximum penalty defendant may receive should its plea of guilty be accepted is a fine of $500,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under 18 U.S.C. § 3571.

4. It is also understood that the restitution provisions of 18 U.S.C. §§ 3663 and 3663A, will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The Government and the defendant agree that restitution in the amount of $16,088,222 is jointly and severally due by defendant and its co-defendants.

5. Further, the defendant understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of 18 U.S.C. § 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

6. Defendant understands that 18 U.S.C. § 3742 and 28 U.S.C § 1291, may give a criminal defendant the right to appeal its conviction, restitution, fine, and judgment imposed by the Court. Defendant also understands that it may have the right to file collateral challenges to its conviction and judgment, including but not limited to rights provided by 28 U.S.C. §§ 2255 and 2241, FED. R. CIV. P. 60, FED. R. CRIM. P. 36, and writs of *coram nobis* and *audita querela*.

7. Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

   a. Waives and gives up any right to appeal or contest its guilty plea, conviction, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of its sentence, including but not limited to any and all rights which arise under 18 U.S.C. § 3742 and 28 U.S.C. § 1291;

   b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to 18 U.S.C. § 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which its sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

   c. Waives and gives up any right to challenge its sentence collaterally, including but not limited to any and all rights which arise under 28 U.S.C. §§ 2255 and 2241, FED. R. CIV. P. 60, FED. R. CRIM. P. 36, writs of *coram nobis* and *audita querela*, and any other collateral challenges to its sentence of any kind; and

LC o/b/o Abide

    d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

  8. The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," 18 U.S.C. § 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith. The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum fine allowed by law.

  9. The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendant obtained directly or indirectly as a result of the violation to which it is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Indictment or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Indictment or Bill of Particulars is forfeitable as proceeds of the illegal activity for which it is pleading guilty. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petitions, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

  10. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

  11. The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of its conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to its inclusion in the Treasury Offset Program.

PH
H
SJ
LC o/b/o Abide

12. The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

_____
PATRICE HARRIS SULLIVAN
Assistant United States Attorney

_____
HERBERT LARSON, JR.
Attorney for the Defendant
Date: 10/2/2015

_____
SARA A. JOHNSON
Attorney for the Defendant
Date: 10/1/2015

_____
LISA CRINEL on behalf of PCAH, INC. a/k/a Priority Care at Home, Inc. (PCAH) d/b/a Abide Home Care Services, Inc.
Defendant
Date: 10/2/2015

LC o/b/o Abide